UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 5:24-cr-52-TPB-PRL

CLARENCE CHRISTOFER WARD,

    Defendant.
_____/

### ORDER DENYING DEFENDANT'S MOTION TO RECUSE

This matter is before the Court on Defendant Clarence Christofer Ward's *pro se* "Defendant's Motion to Recuse Judge for Bias and Failure to Uphold the Constitution," filed on March 27, 2025. (Doc. 71). After reviewing the motion, court file, and the record, the Court finds as follows:

### Legal Standard

The Court addresses Defendant's arguments under 28 U.S.C. § 455. The standard for recusal is "whether a reasonable person knowing all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Greenough*, 782 F.2d 1556, 1558 (11th Cir. 1986); *see also Christo v. Padgett*, 223 F.3d 1324, 1333 (11th Cir. 2000); *In re Ford*, Case No. 8:18-cv-2053, 2018 WL 7360654, at *1 (M.D. Fla. Oct. 11, 2018). "Because a judge is presumed to be impartial, a party seeking recusal bears the substantial burden of proving otherwise." *United States v. Martinez*, 446 F.3d 878, 883 (8th Cir. 2006) (citation omitted).

Although federal judges have a duty to recuse themselves when a disqualifying factor comes to light, a judge also has a duty to retain a case when faced with a meritless recusal motion. *See In re Drexel Burnham Lambert Inc.,* 861 F.2d 1307, 1312 (2d Cir. 1988) ("A judge is as much obliged not to recuse himself when it is not called for as he is obliged to when it is."). This is "because the disqualification decision must reflect not only the need to secure public confidence through proceedings that appear impartial, but also the need to prevent parties from too easily obtaining the disqualification of a judge, thereby potentially manipulating the system for strategic reasons perhaps to obtain a judge more to their liking." *In re Allied–Signal Inc.,* 891 F.2d 967, 970 (1st Cir. 1989); *see Greenough*, 782 F.2d at 1558 (explaining twin policies of the § 455(a) standard).

Under the federal disqualification procedure, a judge does not and should not accept as true the allegations or speculation of the moving party. *See, e.g.*, *Greenough*, 782 F.2d at 1558; *United States v. Bennett*, 539 F.2d 45, 51 (10th Cir. 1976); *United States v. Platshorn*, 488 F. Supp. 1367, 1368-69 (S.D. Fla. 1980). This is very different from the disqualification procedure that currently exists in the Florida state courts where judges are required to accept all allegations as true and are prohibited from identifying and rejecting allegations that are misleading, inaccurate, or outright false. Under the Florida state court disqualification procedure, unscrupulous parties are free to abuse and manipulate the system to obtain a judge more to their liking simply by filing an affidavit containing demonstrably false allegations. The federal disqualification procedure operates

differently. *See Greenough*, 782 F.2d at 1558 ("If a party could force recusal of a judge by factual allegations, the result would be a virtual 'open season' for recusal.")

Nonetheless, in federal courts "the judge must still tread cautiously, recognizing, on the one hand, the great importance of the judicial institution of avoiding any appearance of partiality, while simultaneously remaining aware of the potential injustices that may arise out of unwarranted disqualification." *In re Allied–Signal Inc.,* 891 F.2d at 970. "A judge, having been assigned to a case, should not recuse himself on unsupported, irrational, or highly tenuous speculation." *Harris v. Geico Gen. Ins. Co.*, 961 F. Supp. 2d 1223, 1227-28 (S.D. Fla. 2013) (quoting *Carter v. West Pub. Co.,* No. 99–11959–EE, 1999 WL 994997, at *2 (11th Cir. Nov. 1, 1999)).

## Analysis

In his motion, Defendant seeks recusal based on adverse rulings in the instant case. Plaintiff complains of adverse rulings, including the Court's denial of a motion to dismiss and a motion to suppress evidence. He also complains that the Court has violated his speedy trial rights, although Defendant himself has requested continuances.

Adverse rulings do not constitute a basis for recusal. *Moore v. Shands Healthcare, Inc.,* 617 F. App'x 924, 927 (11th Cir. 2015); *Paylan v. Bondi*, No. 8:15-cv-1366-T-36AEP, 2017 WL 11553079, at *3 (M.D. Fla. Apr. 6, 2017) ("Paylan is merely dissatisfied with another of the Court's rulings, which is not a basis for recusal."). No reasonable person, fully informed of the relevant facts, would

question the undersigned's impartiality in this proceeding.  Consequently, the motion for recusal is **DENIED**.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1) "Defendant's Motion to Recuse Judge for Bias and Failure to Uphold the Constitution" (Doc. 71) is hereby **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 27th day of March, 2025.

TOM BARBER
UNITED STATES DISTRICT JUDGE