UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA

v.                                  Case No.:  5:24-cr-52-TPB-PRL

CLARENCE CHRISTOFER WARD,

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTIONS AND CONSTRUED MOTIONS**

This matter is before the Court on the following motions, filed by Defendant Clarence Christofer Ward, who is proceeding *pro se*:

Petition for Writ of Prohibition and Immediate Relief (Doc. 180);

"Petition for Writ of Prohibition Pursuant to 28 U.S.C. 1651(a) to Restrain the Unlawful Exercise of Jurisdiction and to Order Immediate Relief" (Doc. 181);

"Formal Objection and Denial of All Charges and Convictions" (Doc. 182);

"Emergency Motion for New Trial on Grounds of Structural Error, Denial of Due Process, Lack of Admissible Evidence, and Violation of Oath of Office, Policy, and Law" (Doc. 183);

"Emergency Motion for Judgment of Acquittal (Fed R Crim P 29) and Motion for New Trial (Fed R Crim P 33)" (Doc. 184);

"Emergency Motion for New Trial on Grounds of Structural Error, Denial of Due Process, Lack of Admissible Evidence, and Violation of Oath of Office, Policy, and Law" (Doc. 185); and.

Objections (Doc. 186).

None of the motions constitute an emergency.  The Government filed a response in opposition.  (Doc. 189).  Upon review of the motions, response, court file, and the record, the Court finds as follows:

## Background

Defendant Clarence Christofer Ward was accused of defrauding the United States government of nearly $4.2 million dollars. The Government alleged that beginning on January 1, 2019, through February 22, 2021, he engaged in a complicated scheme involving submission of a Form 1041 tax return for estates and trusts for the 2019 tax year on behalf of a trust, and made a representation on the form that included a $4,159,229 overpayment in taxes. The Government contended that Defendant subsequently received a $4,197,981.28 refund from the Internal Revenue Service ("IRS") that he was not entitled to receive based on those false representations. The superseding indictment charged twelve counts against Defendant, including wire fraud (Count One), money laundering (Counts Two through Eleven), and presenting a false claim against the Government (Count Twelve). On September 25, 2025, a jury returned a verdict of guilty as to each count. (Doc. 170).

## Legal Standard

### *Judgment of Acquittal*

Under Federal Rule of Criminal Procedure 29, "[a]fter the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). The court may reserve ruling, and after a jury verdict, the defendant may renew his motion. Fed. R. Crim. P. 29(c).

When deciding a Rule 29 motion, a district court must "determine whether, viewing all evidence in the light most favorable to the Government and drawing all reasonable inferences and credibility choices in favor of the jury's verdict, a reasonable

trier of fact could find that the evidence established guilt beyond a reasonable doubt." *United States v. Grisby*, 111 F.3d 806, 833 (11th Cir. 1997) (quoting *United States v. O'Keefe*, 825 F.2d 314, 319 (11th Cir. 1987)). For a defendant to successfully challenge a jury's guilty verdict based on insufficiency of the evidence, it must be established that "no reasonable jury could have found [the defendant] guilty beyond a reasonable doubt on the evidence presented." *United States v. Ruiz*, 253 F.3d 634, 639 (11th Cir. 2001).

*New Trial*

A new trial may be granted either in the interests of justice or on the basis of newly discovered evidence. Fed. R. Crim. P. 33(e); *United States v. Ramos*, 179 F.3d 1333, 1336 n.1 (11th Cir. 1999). Here, Defendant only appears to present the interests of justice as a reason for new trial – he does not cite to any newly discovered evidence.

The trial court maintains discretion to decide whether to grant a motion for new trial, *United States v. Vicaria*, 12 F.3d 195, 198 (11th Cir. 1994), and when deciding whether to grant a motion for new trial, the trial court must give proper deference to the jury's factual findings. *See United States v. Pedrick*, 181 F.3d 1264, 1267 (11th Cir. 1999). "On a motion for a new trial based on the weight of the evidence, the court need not view the evidence in the light most favorable to the verdict. It may weigh the evidence and consider the credibility of the witnesses." *United States v. Hernandez*, 433 F.3d 1328, 1335 (11th Cir. 2005) (citation and quotation omitted).

Importantly, the Eleventh Circuit Court of Appeals has made it clear that "[a] motion for new trial must be viewed with 'great caution.'" *United States v. Reed*, 887 F.2d 1398, 1404 (11th Cir. 1989) (citation omitted); *United States v. Williams*, 146 F.

App'x 425, 434 (11th Cir. 2005). The trial court is not permitted to "reweigh the evidence and set aside the verdict simply because it feels some other result would be more reasonable." *United States v. Martinez*, 763 F.2d 1297, 1312-13 (11th Cir. 1985). Instead, "[t]he evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." *Id.* at 1313. Ultimately, "[m]otions for new trials based on the weight of the evidence are not favored" and should be granted in "only those really exceptional cases." *Id.* (citation and internal quotation omitted).

## Analysis

### Petition for Writ of Prohibition Due to Lack of Subject Matter Jurisdiction (Doc. 180)

Defendant appears to seek mandamus, although it is not clear if he intended to file this document with the Middle District of Florida or the Eleventh Circuit Court of Appeal. To the extent that he intended to seek mandamus in this court, the Court will consider his arguments.

His arguments are largely incoherent, but he references the absence of lawful jurisdiction over his criminal case. "Congress defines the subject-matter jurisdiction of the lower federal courts by statute, and has given district courts jurisdiction over all offenses against the laws of the United States." *United States v. Tovar*, 146 F.4th 1318, 1323 (11th Cir. 2025) (internal quotations omitted); *see United States v. Grimon*, 923 F.3d 1302, 1305 (11th Cir. 2019); 18 U.S.C. § 3231; U.S. Const. art. III § 1. Because a federal grand jury returned an indictment against Defendant alleging violations of three different federal statutes, the Court has jurisdiction. As to his other

arguments, Defendant uses the jargon typically used by the sovereign-citizen movement to claim "unlawful commercial exploitation and identity trafficking" and the "use of fictitious securities, trust, and CUSIP accounts." These arguments are nonsensical and frivolous. The construed motion is denied.

***Petition for Writ of Prohibition Due to Pretrial Detention (Doc. 181)***

Defendant argues that he is entitled to release due to unlawful detention. Under 18 U.S.C. § 3142(e), a judicial officer can order the detention of a person before trial. After trial, the court shall order the detention of the person who was found guilty of an offense and who is awaiting imposition of sentence unless the court finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person.

In this case, Defendant has been lawfully detained since he was arrested on June 25, 2024. Judge Lammens held a detention hearing on August 2, 2024, and pending the detention hearing, ordered that Defendant be temporarily detained under 18 U.S.C. § 3142(f)(2). *See* (Docs. 20; 25). During the detention hearing, and after considering the relevant factors, Judge Lammens found by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community or would reasonably assure Defendant's appearance as required. *See* (Doc. 25). On September 25, 2025, a jury found Defendant guilty of all counts charged in the indictment. *See* (Docs. 167, 170). Defendant will remain in custody until his sentencing hearing.

Because a judicial officer made appropriate findings under 18 U.S.C. § 3142 to warrant Defendant's pretrial detention, Defendant's motion is denied.

***Motion for Judgment of Acquittal and New Trial (Doc. 182)***

Defendant argues that he is entitled to either acquittal or a new trial. In this case, constitutionally admissible evidence was presented at trial, and Defendant was not excluded form arguing his defense. The United States introduced 28 exhibits at trial. *See* (Doc. 174). Most exhibits were introduced as certified records of regularly conducted activity under Federal Rules of Evidence 803(6) and 902(11). The Government also introduced summary exhibits under Federal Rule of Evidence 1006. Defendant played two videos in his case-in-chief.

All of the evidence introduced was relevant to Defendant's guilt because it had a tendency to make the facts of his guilt more probable, and all evidence was constitutionally permitted and allowed by the Federal Rules of Evidence. Defendant was not excluded from arguing his defense – he was allowed to make all objections and arguments that he felt were necessary during trial. And at closing, Defendant was given the opportunity to argue the facts of his case.

Because the United States introduced constitutionally permissible evidence and Defendant was permitted to argue his defense, his motion is denied.

***Motions for New Trial (Doc. 183 and 185)***

Defendant argues that he is entitled to a new trial because he was "forced to trial without competent, admissible evidence or supporting affidavits from the IRS or any government witness under penalty of perjury." He also complains that there was no "verifiable evidence" presented by the jury, nor any authenticated records, original sworn testimony, or "affidavits of truth."

In this case, the United States introduced competent, verifiable evidence, and all witnesses were placed under oath before testifying. Because the United States presented competent evidence, and the witnesses were placed under oath before testifying, Defendant's motions are denied.

### *Motion for Judgment of Acquittal (Doc. 184)*

Defendant argues that he is entitled to acquittal due to the lack of credible evidence introduced at trial. Here, the United States introduced 28 exhibits (Doc. 174) and presented testimony from three witnesses (Docs. 161, 167). The evidence showed that on November 2, 2020, Defendant filed a tax return for estates and trusts listing himself as the fiduciary of the trust. Defendant claimed that his trust overpaid taxes in 2019, and he needed a $4.1 million dollar refund. Despite the information contained on the tax return, Defendant's trust never made any payments to the IRS. Defendant electronically filed the tax return from an IP address in Orlando, Florida, and the tax return was processed in Ogden, Utah. Based on Defendant's false representations in the tax return, the IRS issued a $4,197,981.28 refund to Defendant. Immediately after receiving the refund, Defendant spent the money – he purchased a car and four residential properties, invested the money through brokerage accounts, and even gave a loan to a broker. All financial transactions were over $10,000 and took place in the United States. This evidence is sufficient to prove the twelve charges against Defendant. His motion is denied.

### *Due Process Objections (Doc. 186)*

Defendant appears to make objections to his convictions for due process reasons, including: court jurisdiction judicial misconduct, prosecutorial misconduct, biased

witnesses, conflict of interest structural errors, favoritism, selective prosecution, and prosecutor vindictiveness. However, he fails to explain how any of these claims apply in his case. Instead, he relies on incoherent sovereign-citizen jargon. He has failed to present any cognizable legal due process challenge.

## Conclusion

Viewing all evidence in light most favorable to the Government, and drawing all reasonable inferences and credibility determinations in favor of the jury's verdict, a reasonable trier of fact could find that the evidence presented at trial established guilt beyond a reasonable doubt as to each count. Furthermore, none of the arguments presented by Defendant warrant acquittal or a new trial. Consequently, Defendant's motions and construed motions (Docs. 180, 181, 182, 183, 184, 185, 186) are **DENIED**.

**DONE** and **ORDERED** in Chambers, in Ocala, Florida, this 9th day of January, 2026.

_____
TOM BARBER
UNITED STATES DISTRICT JUDGE